UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**DAVID MAURICE LYONS-BEY,**
et al.,

    **Plaintiffs,**

    v.

**OAKLAND COUNTY**
**PROSECUTOR'S OFFICE, et al.,**

    **Defendants.**
_____/

Case No. 16-cv-12561

District Judge Arthur J. Tarnow

Magistrate Judge Mona K. Majzoub

## REPORT AND RECOMMENDATION

Plaintiff David Maurice Lyons-Bey, along with nine other individuals, filed this *pro se* prisoner civil rights action pursuant to 42 U.S.C. § 1983, alleging that Plaintiffs were arrested without probable cause for offenses they did not commit, in violation of the Fourth and Fourteenth Amendments. (Docket no. 1.) The matter was transferred to this Court from the United States District Court for the Western District of Michigan, but not before that court dismissed seven of the original ten Plaintiffs for lack of prosecution. (Docket no. 2; docket no. 3.) The claims of Lyons-Bey, Dorian Willis and Yalaunda Butts were allowed to proceed; however, the Western District dismissed the claims against the Michigan Department of Corrections. (Docket no. 3.) Upon transfer, this Court granted Plaintiffs' request for leave to file an amended complaint (docket no. 6), which Plaintiffs filed on January 12, 2017. (Docket no. 11.)

This action has been referred to the undersigned for all pretrial proceedings, including a hearing and determination of all non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation on all dispositive matters pursuant to 28 U.S.C.

§ 636(b)(1)(B).  (Docket no. 19.)  The Court is required to dismiss a complaint filed by a prisoner seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A.

## I.     RECOMMENDATION

For the reasons that follow, it is recommended that the Court **DISMISS** the claims of Plaintiff Lyons-Bey and **DISMISS** the claims of Plaintiff Willis pursuant to 28 U.S.C. § 1915A.

In light of the dismissal of the claims of Plaintiff Lyons-Bey, non-parties Morabito and Utica Police Department's Motion to Quash (docket no. 18) should be **GRANTED**.  For the same reason, Plaintiff Lyons-Bey's Motion to Substitute (docket no. 20) should be **DISMISSED** as moot.  Finally, Plaintiff Lyons-Bey's Motion for Relief from Judgment (docket no. 21) simply opposes Morabito and Utica's Motion to Quash, and for that reason should be **DISMISSED**.

## II.    REPORT

### A.    Background

Plaintiff David Lyons-Bey is serving a sentence of fifteen to forty years arising from a conviction for armed robbery and assault.  (Case no. 16-13797, docket no. 1.)  In the Amended Complaint filed on January 12, 2017, Lyons-Bey alleges several Constitutional violations surrounding his arrest and conviction, including a contention that he was arrested without probable cause and subject to illegal searches.  (Docket no. 11.)  Lyons-Bey seeks monetary damages under 42 U.S.C. § 1983.  The present claims at least partially overlap with a habeas corpus petition filed by Lyons-Bey pursuant to 28 U.S.C. § 2254, which is currently pending before Judge John Corbett O'Meara of this Court.  (Case no. 16-cv-13797.)

Plaintiff Dorian Willis is serving a sentence of fifteen to thirty years resulting from a conviction for arson. (Case no. 17-10390, docket no. 1.) Willis also alleges violations of his Fourth and Fourteenth Amendment rights in connection with his arrest and conviction. In addition, Willis filed a habeas corpus petition raising similar allegations, which is currently pending before Judge Laurie J. Michaelson of this Court. (Case no. 17-cv-10390.)

Plaintiff Yalaunda Butts is the sister of Lyons-Bey. (Docket no. 11, p. 15.) Butts contends that an officer of the 41-A District Court, Ms. Laura Porter, violated her Constitutional rights by failing to provide requested documents on the basis of her race.

As set forth above, the claims of Lyons-Bey, Willis, and Butts were transferred to this Court on July 7, 2016. (Docket no. 3.) With leave of the Court, Plaintiffs filed an Amended Complaint on January 12, 2017. No Defendant has been served, and no Plaintiff has been approved to proceed *in forma pauperis*.

On February 28, 2017, Lyons-Bey served a subpoena on the Utica Police Department, which is named as a Defendant in the Amended Complaint. On March 10, 2017, the Utica Police Department and Detective Greg Morabito filed a Motion to Quash the subpoena. (Docket no. 18.) In response, Lyons-Bey filed a Motion to Substitute Defendants (docket no. 20) as well as a Motion for Relief from Judgment (docket no. 19), which responds to the Motion to Quash.

**B.  Analysis**

*1.  Lyons-Bey and Willis*

Plaintiffs Lyons-Bey and Willis allege that various state and local officials violated their Constitutional rights and seek damages under 42 U.S.C. § 1983. (Docket no. 11.) For the reasons discussed below, the claims of Lyons-Bey and Willis should be dismissed for failure to state a claim under 42 U.S.C. § 1983.

3

A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nevertheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3).

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he or she was deprived of a right, privilege, or immunity secured by the Federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009).

A state prisoner does not state a cognizable civil rights claim challenging his or her imprisonment if a ruling on the claim would necessarily render his or her continuing confinement invalid, until and unless the reason for that confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or been called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). *See also Hunt v. Michigan*, 482 F. App'x 20, 21 (6th Cir. 2012) ("Under *Heck*, a civil rights action for damages that would imply the invalidity of a conviction may not be brought until the subject conviction has been overturned."). An action under § 1983 for monetary damages "attack[s] the fact or length of confinement" when "establishing the basis for the damages claim necessarily demonstrates the invalidity of the conviction." *Heck*, 512 U.S. at 481.

In general, the claims of Lyons-Bey and Willis depend on the underlying contention that the charges against them were not supported by probable cause and/or that they were convicted on the basis of insufficient evidence. (*See generally* docket no. 11.) Accordingly, such claims

4

challenge the validity of their convictions, and are barred by *Heck*. To the extent that it is unclear whether Lyons-Bey and Willis' claims attack the validity of their convictions, Plaintiffs nevertheless fail to allege an injury other than the conviction itself, and therefore fail to state a claim on which relief may be granted. *See Heck*, 512 U.S. at 487 (observing that a § 1983 plaintiff "must prove not only that a search or seizure was unlawful, but that it caused him actual, compensable injury, which . . . does not encompass the injury of being convicted and imprisoned (until his conviction has been overturned)").

The Court notes that Plaintiffs also allege certain violations of Michigan law, for example Michigan Compiled Laws § 768.32(1). To state a claim under § 1983, however, a plaintiff must allege a violation of a federal constitutional right or a federal statute. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flanory v. Bunn*, 604 F.3d 249, 253 (6th Cir. 2010). Accordingly, the alleged violations of state law cannot support Plaintiffs' claims under § 1983.

### 2. *Procedural Motions*

On the basis of the above analysis, the Court should dismiss the claims of Plaintiffs Lyons-Bey and Willis. As Lyons-Bey will not continue as a party to this action, the Court should grant non-parties Morabito and the Utica Police Department's Motion to Quash (docket no. 18). For the same reason, Plaintiff Lyons-Bey's Motion to Substitute (docket no. 20) should be dismissed as moot. Finally, Plaintiff Lyons-Bey's Motion for Relief from Judgment (docket no. 21) simply opposes Morabito and Utica's Motion to Quash, and for that reason should be dismissed.

### C. Conclusion

For the reasons stated herein, it is recommended that the Court **DISMISS** the claims of Plaintiff Lyons-Bey and **DISMISS** the claims of Plaintiff Willis pursuant to 28 U.S.C. § 1915A.

In light of the dismissal of the claims of Plaintiff Lyons-Bey, non-parties Morabito and Utica Police Department's Motion to Quash (docket no. 18) should be **GRANTED**.  In addition, Plaintiff Lyons-Bey's Motion to Substitute (docket no. 20) should be **DISMISSED** as moot, and Plaintiff Lyons-Bey's Motion for Relief from Judgment (docket no. 21) should be **DISMISSED**.

### III. NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Eastern District of Michigan Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *U.S. v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.  Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity.  The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

6

Dated: October 17, 2017         s/ Mona K. Majzoub
                                MONA K. MAJZOUB
                                UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Plaintiff and counsel of record on this date.

Dated: October 17, 2017         s/ Leanne Hosking
                                Case Manager