UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID MAURICE LYONS-BEY, ET AL.,

      Plaintiffs,

v.

OAKLAND COUNTY PROSECUTOR'S
OFFICE, ET AL.

      Defendants.
_____/

Case No. 16-12561

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

U.S. MAGISTRATE JUDGE
MONA K. MAJZOUB

**ORDER DENYING PLAINTIFFS' MOTIONS FOR RECONSIDERATION [29, 35, 37]; DENYING IN PART PLAINTIFFS' MOTION REQUESTING THAT PLAINTIFF'S CIVIL ACTION CAPTION AND PLEADINGS REPRESENT THE AMENDED COMPLAINT [30]; RESOLVING PLAINTIFFS' MOTION FOR JUDGMENT ON THE PLEADING/RELIEF FROM JUDGMENT [32]; AND OVERRULING PLAINTIFFS' OBJECTIONS [38, 39]**

On August 20, 2015, Plaintiffs filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging violations of their Fourth and Fourteenth Amendment rights. Plaintiffs filed their complaint in the Western District of Michigan. On July 7, 2016, the action was transferred to this Court.[1] Plaintiffs filed an Amended Complaint [Dkt. #11] on January 12, 2017. The Court referred all pretrial matters to the Magistrate Judge on March 21, 2017.

On October 17, 2017, the Magistrate Judge issued a Report and Recommendation ("R&R") [25] advising the Court to dismiss the claims of

---

[1] In its July 7, 2016 Order, the Western District of Michigan court explained that "Plaintiffs Butts, Lyons and Willis met their obligations to pay their proportionate shares of the filing fee." (No. 15-00186, Dkt. 32).

Plaintiffs David Lyons-Bey and Dorian Willis pursuant to 28 U.S.C. § 1915A; grant the Motion to Quash [18] filed by non-parties Greg Morabito and Utica Police Department; deny as moot Plaintiff Lyons-Bey's Motion to Substitute [20]; and deny as moot Plaintiff Lyons-Bey's Motion for Relief from Judgment [21].

On November 6, 2017, the Court entered an Order [26] adopting the R&R. On November 8 and November 15, 2017, Plaintiffs filed Motions for Extension of Time [27, 28] to file objections to the R&R. Plaintiffs also filed a Motion for Reconsideration [29], a Motion Requesting that Plaintiff's Civil Action Caption and Pleadings Represent the Amended Complaint [30], and a Motion for Judgment on the Pleading/Relief from Judgment [32].

On November 22, 2017, the Court granted Plaintiffs an extension, and instructed Plaintiffs that their Objections were due by December 26, 2017 [33].

Plaintiffs filed another Motion for Extension of Time [34] and Motion for Reconsideration [35] on November 27, 2017. Two days later, the Court entered an Order [36] holding in abeyance the two pending motions for reconsideration and denying as moot the motion to extend.

On December 4, 2017, Plaintiffs filed another Motion for Reconsideration [37]. Plaintiffs filed Objections to the R&R [38, 39] on January 8 and January 31, 2018.

This Order resolves the pending motions and objections. As discussed more in depth below, the Court's decision to adopt the R&R remains unchanged. Therefore, the claims of Plaintiffs Lyons-Bey and Willis are **DISMISSED** pursuant to 28 U.S.C. § 1915A. The Motion to Quash [18] filed by non-parties Greg Morabito and the Utica Police Department is **GRANTED**. Plaintiff Lyons-Bey's Motion to Substitute [20] and Motion for Relief from Judgment [21] are **DENIED AS MOOT**.

As to the motions that are not addressed by the R&R, the Court **DENIES** Plaintiffs' Motions for Reconsideration [29, 35, 37], **DENIES IN PART** Plaintiffs' Motion Requesting that Plaintiff's Civil Action Caption and Pleadings Represent the Amended Complaint [30], and **OVERRULES** Plaintiffs' Objections [38, 39]. To the extent that the Motion for Judgment on the Pleading/Relief from Judgment [32] pertains to Plaintiff Lyons-Bey, it is **DENIED**. The Magistrate Judge will handle this motion only as it relates to Plaintiff Butts.

**FACTUAL AND PROCEDURAL BACKGROUND**

The Court adopts the facts of this case as set forth in the R&R:

Plaintiff David Lyons-Bey is serving a sentence of fifteen to forty years arising from a conviction for armed robbery and assault. (Case no. 16-13797, docket no. 1.) In the Amended Complaint filed on January 12, 2017, Lyons-Bey alleges several Constitutional violations surrounding his arrest and conviction, including a contention that he was arrested without probable cause and subject to illegal searches. (Docket no. 11.) Lyons-Bey seeks monetary damages under 42 U.S.C. § 1983. The present claims at least partially overlap with a habeas corpus petition filed by Lyons-Bey pursuant

to 28 U.S.C. § 2254, which is currently pending before Judge John Corbett O'Meara of this Court. (Case no. 16-cv-13797.)

Plaintiff Dorian Willis is serving a sentence of fifteen to thirty years resulting from a conviction for arson. (Case no. 17-10390, docket no. 1.) Willis also alleges violations of his Fourth and Fourteenth Amendment rights in connection with his arrest and conviction. In addition, Willis filed a habeas corpus petition raising similar allegations, which is currently pending before Judge Laurie J. Michaelson of this Court. (Case no. 17-cv-10390.)

Plaintiff Yalaunda Butts is the sister of Lyons-Bey. (Docket no. 11, p. 15.) Butts contends that an officer of the 41-A District Court, Ms. Laura Porter, violated her Constitutional rights by failing to provide requested documents on the basis of her race.

As set forth above, the claims of Lyons-Bey, Willis, and Butts were transferred to this Court on July 7, 2016. (Docket no. 3.) With leave of the Court, Plaintiffs filed an Amended Complaint on January 12, 2017. No Defendant has been served, and no Plaintiff has been approved to proceed *in forma pauperis*.

On February 28, 2017, Lyons-Bey served a subpoena on the Utica Police Department, which is named as a Defendant in the Amended Complaint. On March 10, 2017, the Utica Police Department and Detective Greg Morabito filed a Motion to Quash the subpoena. (Docket no. 18.) In response, Lyons-Bey filed a Motion to Substitute Defendants (docket no. 20) as well as a Motion for Relief from Judgment (docket no. 19), which responds to the Motion to Quash.

I. **The Report and Recommendation [25] and Plaintiffs' Objections [38, 39]**

The Magistrate Judge recommended that the Court dismiss the claims of Plaintiffs Lyons-Bey and Willis pursuant to 29 U.S.C. § 1915A; grant the Motion to Quash [18] filed by non-parties Greg Morabito and Utica Police Department; deny as moot Plaintiff Lyons-Bey's Motion to Substitute [20]; and deny as moot

Plaintiff Lyons-Bey's Motion for Relief from Judgment [21]. Plaintiffs filed Objections [38, 39][2] on January 8, 2018 and January 31, 2018.

As far as the Court can tell, Plaintiffs Lyons-Bey and Willis claim that the doctrine established by *Heck v. Humphrey*, 512 U.S. 477 (1994) does not bar their claims. Plaintiffs Lyons-Bey and Willis claim that they were falsely arrested and imprisoned, that the arresting officer provided false information to obtain an arrest warrant, and that the Defendants conspired to fabricate information and evidence used at Plaintiffs' jury trial.

Plaintiffs Lyons-Bey and Yalaunda Butts object to the fact that the Magistrate Judge failed to rule on their First[3] and Fourteenth Amendment claims.

**A. Objections of Lyons-Bey and Willis**

Contrary, to Plaintiffs' arguments, the findings of the R&R are sound. The driving force behind Plaintiffs' allegations – that the prosecutor and various police officers fabricated evidence used at the criminal trial, law enforcement falsified police reports, and that the charges against them were unsupported by probable cause – is to challenge the validity of their convictions. The Sixth Circuit has explicitly held that "[u]nder *Heck*, a civil rights action for damages that would

---

[2] Substantively, these Objections are exactly the same. The only difference between them is that one filing appears to contain the signature of all three plaintiffs, while the other only contains the signature of Plaintiff Lyons-Bey.

[3] The Court has reviewed the Amended Complaint and did not find any allegations concerning First Amendment violations.

imply the invalidity of a conviction may not be brought until the subject conviction has been overturned." *Hunt v. Michigan*, 482 Fed. Appx. 20, 21 (6th Cir. 2012). Furthermore, as the Magistrate Judge noted, it is unclear whether some of Lyons-Bey's and Willis' claims attack the validity of their convictions. That said, the only injuries Plaintiffs allege are the convictions themselves. This, too, is barred by *Heck*, which provides that a § 1983 plaintiff "must prove not only that [a constitutional violation occurred], but that it caused him actual, compensable injury, which . . . does not encompass the injury of being convicted and imprisoned (until his conviction has been overturned)." *Heck*, 512 U.S. at 487 n.7.

Plaintiffs' allegations concerning violations of Michigan law are also subject to dismissal. To prevail on a claim under 42 U.S.C. § 1983, Plaintiffs "must establish that a person acting under color of state law deprived [them] of a right secured by the Constitution or laws of the United States." *Waters v. City of Morristown, TN*, 242 F.3d 353, 358-59 (6th Cir. 2001).

28 U.S.C. § 1915A(b)(1) directs the Court "to dismiss the complaint, or any portion of the complaint, if the complaint . . . fails to state a claim upon which relief may be granted. This statute applies to the claims of Plaintiffs Lyons-Bey and Willis. Accordingly, and for the reasons discussed above, the Objections of Plaintiffs Lyons-Bey and Willis are overruled.

### B. Objections of Butts

Plaintiff Yalaunda Butts objects to the Magistrate Judge's "omission of [her] claim of racial discrimination and denial of access to the court allegations" from the R&R. (Dkt. 39 at 6).

The Magistrate Judge's R&R served to, among other things, summarily dismiss the claims of Plaintiffs Lyons-Bey and Willis on the grounds that they were legally insupportable. This is not the case for Plaintiff Butts' claims, which are allowed to move forward at this time. Accordingly, her objection is overruled.

## II. Motions for Reconsideration [29, 35, 37]

Plaintiffs filed Motions for Reconsideration on November 16, 2017, November 27, 2017, and December 4, 2017. With the exceptions of the signature pages, these motions are all exactly the same.

Plaintiffs move for reconsideration on the grounds that they did not have adequate time to submit objections to the R&R. They claim that "[i]t would be a denial of access to the court, (sic) if Plaintiff is not allowed to file his objections to the Magistrate's report and recommendation, where he has provided evidence that his pleadings were timely filed." (Dkt. 37 at 3). Plaintiffs correctly note that they timely sought an extension of time within which to file objections to the R&R.

The Court appreciates and understands Plaintiffs' concerns. To that end, on November 22, 2017, the Court granted Plaintiffs' Motions to Extend [27, 28], and

directed Plaintiffs to file their objections to the R&R by December 26, 2017 [33]. Plaintiffs filed their objections on January 8, 2018 and January 31, 2018.

The Court has reviewed Plaintiffs' numerous filings, including the objections. Therefore, to the extent that Plaintiffs seek reconsideration based on the fear that the Court will not consider their objections, the Motions for Reconsideration are denied as moot.

Denial of the motions is also appropriate because, as mentioned above, the R&R is well-reasoned. Because Plaintiffs have not demonstrated that the Court "and the parties have been misled by a palpable defect," nor have they shown that "correcting the defect will result in a different disposition of the case," the Motions for Reconsideration are denied. *Hansmann v. Fid. Invs. Institutional Servs. Co.*, 326 F.3d 760, 767 (6th Cir. 2003).

### III. Motion Requesting that Plaintiff's Civil Action Caption and Pleadings Represent the Amended Complaint and Motion for Judgment on the Pleading/Relief from Judgment [30, 32]

#### A. Motion Requesting that Plaintiff's Civil Action Caption and Pleadings Represent the Amended Complaint [30]

Plaintiffs' Motion Requesting that Plaintiff's Civil Action Caption and Pleadings Represent the Amended Complaint [30] is the same as their previously filed Motion to Substitute Defendants [20], which was denied as moot.

The new motion will be denied in part. Plaintiffs seek to modify the case caption by removing certain defendants – the Oakland County and Wayne County

Prosecutor's Offices – and add others. At this time, Plaintiff Yalaunda Butts is the only remaining plaintiff in this case. She is directed to file a Second Amended Complaint identifying her claims and the specific defendants she is suing. The Second Amended Complaint may not contain any claims pertaining to Lyons-Bey or Willis, as they are no longer involved in this case.

**B. Motion for Judgment on the Pleading/Relief from Judgment [32]**

Plaintiffs Lyons-Bey and Butts filed a Motion for Judgment on the Pleading/Relief from Judgment on November 21, 2017. However, it appears that the motion only pertains to Butts' claims. To that end, the Court declines to address the motion at this time. The Magistrate Judge will handle the Motion for Judgment on the Pleading/Relief from Judgment [32] only as it relates to Plaintiff Butts.

To the extent that the motion relates to Plaintiff Lyons-Bey, the motion is denied. Under Fed. R. Civ. P. 60(b), a motion for relief from judgment can be granted for the following reasons:

1) Mistake, inadvertence, surprise, or excusable neglect;
2) Newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
3) Fraud, misrepresentation, or other misconduct of an adverse party;
4) The judgement is void;
5) The judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or,
6) Any other reason justifying relief from the operation of the judgment.

Plaintiff Lyons-Bey has failed to demonstrate entitlement to relief under any of the provisions outlined by the rule.

## CONCLUSION

For the reasons discussed above,

**IT IS ORDERED** that the claims of Plaintiffs Lyons-Bey and Willis are **DISMISSED** pursuant to 28 U.S.C. § 1915A. The Motion to Quash [18] filed by non-parties Greg Morabito and the Utica Police Department is **GRANTED**. Plaintiff Lyons-Bey's Motion to Substitute [20] and Motion for Relief from Judgment [21] are **DENIED AS MOOT**.

**IT IS FURTHERED ORDERED** that Plaintiffs' Motions for Reconsideration [29, 35, 37] are **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion Requesting that Plaintiff's Civil Action Caption and Pleadings Represent the Amended Complaint [30] is **DENIED IN PART**. As mentioned above, Plaintiff Yalaunda Butts is the only remaining plaintiff in this case. She is directed to file a Second Amended Complaint identifying her claims and the specific defendants she is suing on or before April 2, 2018. There should be no mention of the claims of Plaintiffs Lyons-Bey or Willis.

**IT IS FURTHER ORDERED** that Plaintiffs' Objections [38, 39] are **OVERRULED**.

**IT IS FURTHER ORDERED** that, to the extent that the Motion for Judgment on the Pleading/Relief from Judgment [32] pertains to Plaintiff Lyons-Bey, it is **DENIED**. The Magistrate Judge will handle the motion as it relates to Plaintiff Butts.

**IT IS FURTHER ORDERED** that, as the case relates to Plaintiff Yalaunda Butts, it remains referred to the Magistrate Judge for all pretrial proceedings.

**SO ORDERED**.

Dated: March 2, 2018

s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge