UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**YALAUNDA BUTTS,**

    **Plaintiff,**                                  **Case No. 16-cv-12561**

    v.                                        **District Judge Arthur J. Tarnow**

**OAKLAND COUNTY**                      **Magistrate Judge Mona K. Majzoub**
**PROSECUTOR'S OFFICE, et al.,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff Yalaunda Butts' motion for judgment on the pleadings / relief from judgment. (Docket no. 32.) This action has been referred to the undersigned for all pretrial proceedings, including a hearing and determination of all non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B). (Docket no. 19.) The undersigned has reviewed the pleadings and dispenses with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2).

**I.     RECOMMENDATION**

For the reasons that follow, it is recommended that the Court **DENY** Plaintiff's motion for judgment on the pleadings / relief from judgment [32].

**II.    REPORT**

    **A.     Background**

As originally filed, this action involved claims by David Maurice Lyons-Bey and Dorian Willis that they were arrested without probable cause for offenses they did not commit, in violation

of the Fourth and Fourteenth Amendments. (Docket no. 11.) The amended complaint also contained a claim by Plaintiff Yalaunda Butts, the sister of Lyons-Bey, that an officer of the 41-A District Court, Ms. Laura Porter, violated her Constitutional rights by failing to provide requested documents on the basis of her race. (Docket no. 11, p. 15.) None of the named defendants has been served.

On November 6, 2017, the Court dismissed the claims of Lyons-Bey and Willis, but allowed Plaintiff Butts' claim to proceed. (Docket no. 26.) Lyons-Bey and Butts filed several motions for reconsideration (docket no. 29; docket no. 35; docket no. 37) as well as a motion for judgment on the pleadings / relief from judgment (docket no. 32). The Court denied the motion for reconsideration, and referred to the undersigned the motion for judgment on the pleadings to the extent that it concerned the claims of Plaintiff Butts. (Docket no. 40.)

**B.     Analysis**

Plaintiff Butts contends that an officer of the 41-A District Court, Ms. Laura Porter, violated her rights under the First Amendment and Fourteenth Amendment by failing to provide requested documents on the basis of her race. Presently before the Court is Plaintiff's motion for judgment on the pleadings / relief from judgment. (Docket no. 32.)

As an initial matter, the undersigned observes that, despite the title, the motion appears to seek relief from and/or clarification of the Order dismissing Lyons-Bey and Willis (docket no. 26), as well as the Report and Recommendation adopted by that Order (docket no. 25). For example, the motion twice contends that the Report and Recommendation "omits" reference to Plaintiff Butts' claims. However, as the Court observed, the undersigned did not at that time recommend dismissal of Plaintiff Butts' claims. (Docket no. 40, p. 7.) Accordingly, Plaintiff Butts

2

states no basis for objecting to the Order dismissing Lyons-Bey and Willis (docket no. 26), nor to the Report and Recommendation adopted by that Order (docket no. 25).

To the extent that the "motion for judgment on the pleadings / relief from judgment" (docket no. 32) seeks judgment on the pleadings, it fails under Rule 12(c) of the Federal Rules of Civil Procedure. That rule provides that a party may move for judgment on the pleadings "[a]fter the pleadings are closed." As mentioned above, none of the named defendants has been served. Accordingly, the pleadings are not closed.

Similarly, to the extent that the motion seeks relief under Rule 60(a), it should be denied. Rule 60(a) provides that "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." As set forth above, the prior Order dismissed the claims of Lyons-Bey and Willis on the grounds that they were legally insupportable. The Court noted that "[t]his is not the case for Plaintiff Butts' claims, which are allowed to move forward at this time." (Docket no. 40, p. 7.) Therefore, the Plaintiff fails to present a "mistake" to be corrected.

C. **Conclusion**

For the reasons stated herein, it is recommended that the Court **DENY** Plaintiff's motion for judgment on the pleadings / relief from judgment [32].

III. **NOTICE TO PARTIES REGARDING OBJECTIONS**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Eastern District of Michigan Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991);

*U.S. v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.  Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity.  The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: April 2, 2018          s/ Mona K. Majzoub
                              MONA K. MAJZOUB
                              UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Plaintiff and counsel of record on this date.

Dated: April 2, 2018          s/ Leanne Hosking
                              Case Manager